DIX, Appellant, v. LOHMAN, Respondent.

St. Louis Court of Appeals, March 29, 1904.

EJECTMENT: Mortgages: Redemption: Rents and Profits. The purchaser under a mortgage foreclosure sale sued in ejectment for possession and the answer prayed that the mortgagor might redeem from the mortgage on account of irregularities in the sale. The judgment was for plaintiff for possession, but provided that the mortgagor might redeem, by a given date, by payment of the debt secured by the mortgage, and that, in case she failed to do so, execution would then issue for possession. *Held*, in a suit by the mortgagor for the rents, she was entitled to the rents and profits up to the expiration of the time fixed for redemption, although she did not redeem. *Held* further, under a stipulation entered into between the parties, pending the ejectment suit, whereby they agreed that the rents should be paid to the successful party, the mortgagor was entitled to the rents for that period as the successful party.

Appeal from Warren Circuit Court.—*Hon. E. M. Hughes,* Judge. .

REVERSED AND REMANDED (*with directions*).

*J. W. Delventhal* and *C. W. Wilson* for appellant.

(1) Upon the death of Walter Dix his widow was entitled to remain in possession and to receive the rents of the home place until dower was assigned. R. S. 1899, sec. 2954; Carey v. West, 139 Mo. 174; Holmes v. Kring, 93 Mo. 452. (2) Whatever may have been the rights of Mr. Wild, concerning the rents after the sale under deed of trust, given by Walter Dix and wife in his lifetime, he is bound by the decree of the court in the ejectment suit of Wild v. Dix. He can not now be heard to claim any more than was allowed him in that decree. (3) The decree of the court fixes his right

to possession to begin on March 1, 1901.  Under the decree he was not and is not entitled to rents for the year 1900.  The money at issue is the rent of the farm for the crop year expiring on March 1, 1901, or at the date his right to possession is fixed by the decree in Wild v. Dix.  Crispen v. Hannann, 50 Mo. 416; Bierman v. Crecelies, 135 Mo. 386; McDonald v. Matney, 82 Mo. 363.  (4)  As there is no conflict of evidence the court should either set aside the judgment of the lower court. and enter up judgment in favor of plaintiff, or else reverse and remand with directions to enter judgment in her favor, for the amount in Lohmann's hands, with 6 per cent interest from the date of filing suit.  R. S. 1899, sec. 866; State v. Weaver, 93 Mo. 682; Land Co. v. Bretz, 125 Mo. 422.

*Peers & Peers* for respondent.

### STATEMENT.

The evidence shows that the plaintiff is the widow of Walter Dix who died in the month of January, 1899; that prior to and at the date of his death, Walter Dix owned a five-hundred acre farm in Warren county, Missouri, upon which he resided with his family.  After his death neither dower nor homestead was set off to plaintiff from the farm.  However, she continued to reside upon the farm with her children, as was her right, until March 1, 1901, when, in obedience to a judgment of the circuit court hereinafter set out, she delivered the possession of the premises to Louis Wild.  On January 13, 1895, Walter Dix and wife made a deed of trust on the farm to Henry Bohnemeyer, trustee, to secure Walter Dix's note of the same date for the sum of $4300, payable to Ida Meyer, due one year after date with eight per cent interest.  The note was not paid and the trustee advertised and sold the farm in

bulk to satisfy the debt. At the trustee's sale Louis Wild became the purchaser of the entire tract and after receiving the trustee's deed brought suit in ejectment against Mrs. Dix (plaintiff herein) for the recovery of the possession of the land. Mrs. Dix appeared to the suit and filed an answer in which she alleged that the trustee had advertised the land at an inopportune time and season of the year to secure bidders; that he had acted as special agent of Ida Meyer, the beneficiary, and had wrongfully sacrificed the land by selling the entire tract in bulk when he should, as requested to do, have sold it in parcels, into which the land could have been conveniently divided, and alleged that on account of these irregularities and wrongs plaintiff should be allowed to redeem. The court to whom the issues were submitted, found in favor of Mrs. Dix's contention and rendered the following judgment:

"Louis Wild, plaintiff, v. Elizabeth Dix, defendant.

EJECTMENT.

"Now on this day the above cause comes on for trial the plaintiff appearing by C. E. Peers, his attorney, and the defendant coming by H. W. Johnson, her attorney, and a jury being waived the matter and things on the pleadings and the evidence being by the court heard and fully understood, it is ordered, adjudged and decreed by the court, that judgment be and same is rendered by the court in favor of plaintiff, for the possession of the premises described in the petition, together with one cent damages, and fifty dollars a month rents and profits from the first day of March, 1901, and it is further ordered by the court that if the defendants pay to the clerk of this court for the use of the holder of the Ida Meyer note, the debt and interest due on said note up to the first day of March, 1901, also all taxes paid on the land by the plaintiff, together with six per cent interest on same to the first

day of March, 1901, also all costs with six per cent interest thereon up to the first day of March, 1901, then the case shall stand dismissed, but a failure to pay any or all of the above amounts by the first day of March, 1901, execution shall issue for the possession of the property in the petition described, together with the damages and monthly rents and profits, as herein set out.''

As is seen by the judgment and the decree, as herein set out, the circuit court adjudged that Elizabeth Dix was entitled to redeem the land upon payment of the debt and interest secured by the deed of trust and cost of sale, and gave her until the first day of March, 1901, in which to redeem.

It further adjudged that if she failed to redeem by March 1, 1901, the said Louis Wild was awarded judgment of possession on March 1, 1901, with one cent damages, and with monthly rents and profits from March 1, 1901, at the rate of $50 per month. By the decree of the court Elizabeth Dix was entitled to remain in possession until March 1, 1901.

Pending the ejectment suit the parties entered into the following stipulation:

''Whereas, Louis Wild, as plaintiff, has begun suit in the Warren circuit court at the April term, 1900, in ejectment against Elizabeth Dix to recover possession of the following described real estate situated in said county, to-wit (here follows a minute description of the lands) : All of said lands being in the possession of said Elizabeth Dix; and, whereas, on account of said litigation renters refuse to lease said lands for the crop year, 1900, by reason of the uncertainity of and to whom the rent is payable; now in order that said lands may bring some income during the litigation and to settle the question as to the power of some one to rent said lands and to collect the rents, it is agreed by and between the parties hereto acting by their respective attorneys, that

Herman Lohman, Esq., of Camp Branch township, Warren county, Missouri, be and he is hereby appointed trustee of all of said lands for the crop year, 1900, and is hereby authorized to make contract, receive and collect all rents, whether in money or crops and to return, hold and keep the money arising therefrom until the final determination of this litigation, at which time, he, the said Lohman, is to account for and turn over to the successful party in said litigation the entire proceeds, less a reasonable compensation to said trustee for his services in renting, looking after and managing said land, and it is further understood that this agreement shall not be used by either party in said suit; nor shall it be considered in any way or manner whatever as recognizing the rights or affecting the interests of either party to the litigation herein for the possession of said land, but being understood simply as an agreement to the end that the property may be rented pending the litigation and bring some revenue to the successful party during that time, and it is further understood and agreed that possession of said lands shall be delivered to the successful party in said litigation, at the final determination thereof through the tenants and parties hereto without the necessity of issuing execution or other legal process or means.

"Witness our hands and seals this twelfth day of March, 1900."

Mrs. Dix was unable to redeem and on March 1, 1901, surrendered possession of the farm to Mr. Wild. The defendant Lohman rented the farm, as agreed in the stipulation, for the year 1900, and realized over and above his expenses and a reasonable commission for his services, the net sum of $326.12, as the rent of the farm. The suit was to recover this sum. The court to whom the issues were submitted, found in favor of the defendant and rendered judgment on the theory that Wild and not plaintiff was entitled to the rent for

the year 1900. To reverse the judgment. plaintiff appealed.

BLAND, P. J. (after stating the facts as above.) — The right to the rent for 1900 is controlled by the judgment in the ejectment suit; neither party having appealed therefrom, both are bound thereby. The contention of Mrs. Dix in that suit was, that the foreclosure sale by the trustee was so tainted by misconduct and partiality on his part as not to deprive her of her right to pay the debt and have the deed of trust satisfied. The court found in favor of her contention and gave her time in which to redeem and postpone Wild's right to possession and suspend foreclosure by the sale under the deed of trust until the expiration of the redemption period. Wild was not given the right to the rents and profits of the premises until after March 1, 1901, and not then if the plaintiff should redeem by that date. Under the judgment, Wild had neither an indefeasible title to the lands, the right to their possession, nor the right to the rents and profits of the premises for the year 1900. As to the rents and profits, they were as much the subject of litigation in the ejectment suit as was the right to possession of the premises. Mrs. Dix was the successful party in respect to the rents for the year 1900, and under the judgment, as well as under the stipulation signed by her and Wild, March 12, 1900, she is entitled to these rents. The judgment is, therefore, reversed and the cause remanded with directions to the circuit court to enter judgment for the plaintiff for $326.12, with six per cent interest thereon from the date plaintiff began this suit. *Reyburn* and *Goode, JJ.*, concur.